FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2020 FEB 10 PM 3: 22

CLERK'S OFFICE
AT GREENBELT

BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **CLIMBZONE, LLC,** | * | |
| Plaintiff, | * | |
| v. | | Case No.: GJH-18-2732 |
| | * | |
| **CLIFFORD WASHINGTON,** *et al.*, | | |
| | * | |
| Defendants. | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Climbzone, LLC ("Plaintiff") brings this action to confirm an Arbitration Award against Clifford Washington ("Washington") and CW3, LLC ("CW3," and together with Washington, "Defendants"). ECF No. 1. Defendants have not appeared and the Clerk of the Court entered their default on August 7, 2019. ECF No. 12. Plaintiff now moves for entry of a default judgment against Defendants. ECF No. 13. No hearing is necessary. *See* Loc. R. 105.6 (D. Md.). For the following reasons, Plaintiff's Motion for Entry of Default Judgment Pursuant to Rule 55(a) will be granted in part and denied in part.

### I. BACKGROUND[1]

Plaintiff is a Maryland limited liability company. ECF No. 1 ¶ 3. On September 23, 2013, Plaintiff entered into a contract with CW3, a Pennsylvania entity, retaining CW3 to perform construction on office space for Plaintiff in Maryland that would be ready for occupancy on June 30, 2013. *Id.* ¶ 5; ECF No. 1-1 at 1, 3.[2] CW3 was the trade name and alter ego of Washington.

---

[1] All facts herein are taken from Plaintiff's Complaint Seeking Confirmation of Arbitration Award Under the Federal Arbitration Act, ECF No. 1, and its attached exhibits.
[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

1

ECF No. 1 ¶ 5. Plaintiff paid CW3 a $50,000 deposit, but CW3 never performed the contracted work and absconded with the money; as a result, Plaintiff was unable to move into the office space until November 13, 2014. *Id.*; ECF No. 1-1 at 3. Plaintiff later determined that CW3 had either never been properly incorporated or had lost its charter. ECF No. 1 ¶ 5; ECF No. 1-1 at 1.

The September 23, 2013 contract signed by Plaintiff and CW3 was also an arbitration agreement designating the American Arbitration Association ("AAA") as arbitrator for disputes arising under the contract. ECF No. 1-1 at 1. On December 10, 2014, Plaintiff filed a demand for arbitration before the AAA. ECF No. 1 at 2. Efforts by the AAA case administrator and Plaintiff to communicate with or serve Defendants were unsuccessful. *Id.* On August 5, 2015, Plaintiff sent a FedEx package with copies of documents in the arbitration record to Washington's last known address. *Id.* FedEx confirmed delivery the following day but no response from Washington was received. *Id.* Because it was apparent that Washington would not appear at in-person proceedings, the assigned arbitrator, William Karl Wilburn, ordered that the parties submit claims and responses to him in writing. *Id.* Plaintiff submitted declarations from two staff members and a memorandum with eighteen supporting exhibits. *Id.*

In an Award issued on September 14, 2015, Arbitrator Wilburn granted some but not all of Plaintiff's claims against Defendants. *Id.* at 2–5. Wilburn granted Plaintiff's claim for compensatory damages of $450,312.62, which was comprised of $66,565.52 in claimed damages for additional rent Plaintiff paid because it was unable to move into its new offices as contracted, additional overhead expenses of $179,802.92, and additional contractor and subcontractor charges of $203,944.08. *Id.* at 3. Also granted were the costs associated with the arbitration; pre-award interest of $14,711.14, comprised of ten percent interest on the $50,000 deposit that CW3 failed to return to Plaintiff and on rent Plaintiff paid from July 1, 2014 to November 13, 2014; and post-award interest at ten percent per annum. *Id.* at 3–4.

2

Arbitrator Wilburn declined to find that Plaintiff's losses were the result of fraud and deceit by Defendants, denied punitive damages in the absence of evidence of the reasons for CW3's default, and denied an award of attorneys' fees because the parties had no prior fees agreement and no other grounds authorized such an award. *Id.* Finally, the arbitrator ruled that Defendants were responsible for the $4,000 administrative fee of the AAA and $3,835 in compensation for the arbitrator. *Id.* at 4. The total final award for Plaintiffs was $472,858.76 plus ten percent per annum post-award interest.

Plaintiff filed a Complaint to enforce the Arbitration Award on September 5, 2018. ECF No. 1. On January 9, 2019, the Court issued an Order to Plaintiff to show cause within 14 days why the Complaint should not be dismissed for failure to effectuate service. ECF No. 8. In a response filed on January 16, 2019, Plaintiff explained that it forwarded the summonses that the Court had issued for Defendants, ECF Nos. 7, 7-1, to a private process server who was initially unable to locate Defendants at the address Plaintiff had provided, ECF No. 10 ¶ 10. Plaintiff eventually located Washington at a different address, where he was served on October 8, 2018, but the process server failed to provide the return of service until January 16, 2019 despite requests from Plaintiff. ECF No. 10 ¶¶ 4–5. An affidavit from the process server also filed on January 16, 2019 confirmed that Washington was served on October 8, 2018. ECF No. 9.

On March 14, 2019, Plaintiff filed a Motion for Entry of Default by the Clerk of the Court, ECF No. 11, and the Clerk entered Defendants' default on August 7, 2019, ECF No. 12. Plaintiff then filed the pending Motion for Entry of Default Judgment on August 23, 2019. In support of the Motion, Plaintiff filed an additional copy of the Wilburn Arbitration Award, ECF No. 13-1, a declaration by Plaintiff's counsel describing the Award and providing a calculation of post-award interest through the date of the filing, ECF No. 13-2, and a worksheet showing interest calculations and the total amount sought, ECF No. 13-3.

## II. DISCUSSION

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "A defendant's default does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court." *Educ. Credit Mgmt. Corp. v. Optimum Welding*, 285 F.R.D. 371, 373 (D. Md. 2012). Although "[t]he Fourth Circuit has a 'strong policy' that 'cases be decided on their merits,'" *Choice Hotels Int'l, Inc. v. Savannah Shakti Corp.*, No. DKC-11-0438, 2011 WL 5118328, at *2 (D. Md. Oct. 25, 2011) (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), "default judgment may be appropriate when the adversary process has been halted because of an essentially unresponsive party[.]" *Id.* (citing *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005)). When a motion for default judgment is based on an application for confirmation of an arbitration award, the plaintiff "must show that it is entitled to confirmation of the arbitration award as a matter of law." *Choice Hotels Int'l, Inc. v. Khan*, No. DKC 17-3572, 2018 WL 1046301, at *2 (D. Md. Feb. 26, 2018) (quoting *United Cmty. Bank v. Arruarana*, No. 1:10cv248, 2011 WL 2748722, at *2 (W.D.N.C. July 13, 2011)).

Under the Federal Arbitration Act, a court may confirm an arbitration award "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration . . . ." 9 U.S.C. § 9. The Court must confirm the award unless it vacates, modifies, or corrects the award pursuant to 9 U.S.C. § 10 or 9 U.S.C. § 11. *Id.* "Federal courts may vacate an arbitration award only upon a showing of one of the grounds listed in the Federal Arbitration Act, or if the arbitrator acted in manifest disregard of law." *Apex Plumbing Supply, Inc. v. U.S. Supply Co., Inc.*, 142 F.3d 188, 193 (4th Cir. 1998). The situations permitting a court to vacate an arbitration award are found at 9 U.S.C. § 10(a), which provides:

4

> In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration—
> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

"The exceptions to confirmation of awards are strictly limited to avoid frustrating the fundamental purpose of arbitration, *i.e.*, quick dispute resolution and avoidance of the expense and delay of court proceedings." *Jih v. Long & Foster Real Estate, Inc.*, 800 F. Supp. 312, 317 (D. Md. 1992). In essence, the Court's role in reviewing an arbitrator's decision is "to determine only whether the arbitrator did his job—not whether he did it well, correctly, or reasonably, but simply whether he did it." *Wachovia Sec., LLC v. Brand*, 671 F.3d 472, 478 (4th Cir. 2012) (internal quotation marks omitted) (quoting *U.S. Postal Serv. v. Am. Postal Workers Union*, 204 F.3d 523, 527 (4th Cir. 2000)).

Here, "[t]here has been no showing of the narrow grounds listed in the FAA for vacatur of the arbitration award, nor is there any suggestion that the arbitrator acted in manifest disregard of the law." *Choice Hotels Int'l, Inc. v. Jai Shree Navdurga, LLC*, No. DKC 11-2893, 2012 WL 5995248, at *3 (D. Md. Nov. 29, 2012). And there is no basis to question the validity of the

parties' arbitration agreement.[3] The Arbitration Award makes clear that the parties had agreed to arbitration of disputes before the AAA in their September 23, 2013 agreement. ECF No. 1-1 at 1. The Award also explains that Plaintiffs and the AAA case administrator made extensive efforts to communicate with and serve Defendants, including by sending an overnight FedEx package with copies of documents in the arbitration record, and that Defendants nonetheless failed to respond or appear. *Id.* at 2.

The Court does note that Plaintiff did not file its Complaint until nearly three years after the Arbitration Award was entered. The Federal Arbitration Act provides in relevant part that "at any time *within one year* after the award is made any party to the arbitration may apply to the court . . . for an order confirming the award." 9 U.S.C. § 9 (emphasis added). In 1993, the Fourth Circuit held that this language is not a statute of limitations and that applications for enforcement may be filed after the one year period expires. *Sverdrup Corp. v. WHC Constructors, Inc.*, 989 F.2d 148, 156 (4th Cir. 1993). Since that time, however, at least one federal Court of Appeals has interpreted an intervening Supreme Court decision to have rendered that reading untenable. *Photopaint Techs., LLC v. Smartlens Corp.*, 335 F.3d 152, 156–57 (2d Cir. 2003) (citing *Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co.*, 529 U.S. 193 (2000)). In addition, former Judge Davis of this Court declined to follow the Fourth Circuit's decision in light of the conflict raised by the Second Circuit. *Md. Transit Admin. v. Nat'l R.R. Passenger Corp.*, 372 F. Supp. 2d 478, 483–84 (D. Md. 2005). This issue appears to remain unsettled. *See FIA Card Servs., N.A. v. Gachiengu*, 571 F. Supp. 2d 799, 803–05 (S.D. Tex. 2008) (collecting cases).

The Court need not weigh in, however, because in no decision that the Court has located

---

[3] The Court notes that it has jurisdiction over this matter because the parties are diverse and the amount of the arbitration award for which Plaintiff seeks confirmation exceeds the jurisdictional minimum for diversity jurisdiction. *See* 28 U.S.C. § 1332(a); *see also Jai Shree Navdurga, LLC*, 2012 WL 5995248, at *1, *3.

has a court held that the time bar is jurisdictional. A jurisdictional statute of limitations is one for which "a litigant's failure to comply with the bar deprives a court of all authority to hear a case," requiring the court to "enforce the limitation even if the other party has waived any timeliness objection." *United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1631 (2015). "Ordinarily in civil litigation," however, "a statutory time limitation is forfeited if not raised in a defendant's answer or in an amendment thereto." *Day v. McDonough*, 547 U.S. 198, 202 (2006). Here, Defendants have failed to appear, and accordingly have forfeited a statute of limitations-based defense to enforcement of the Arbitration Award, to the extent that one is available.

The Court therefore concludes that the Arbitration Award should be confirmed and thus turns to determining the amount of damages to which Plaintiff is entitled. As a starting point, Plaintiff seeks and is entitled to the total amount of the Arbitration Award, $472,858.76. Plaintiff additionally requests post-award interest for the 1,438 days between September 15, 2015, the day after the Award was issued, and August 23, 2019, the day Plaintiff filed its Motion for Default Judgment. ECF No. 13-2 at 1; ECF No. 13-3. Plaintiff correctly asserts that under the terms of the Award, it is entitled to a per diem interest rate of $129.55, calculated by dividing the 10 percent per annum interest rate by 365 days to calculate a daily interest rate and multiplying that amount by the total award amount. Over 1,438 days, $129.55 in daily interest totals $186,292.90.

Plaintiff is therefore entitled to a total amount of $659,151.66. In its Motion for Default Judgment, however, Plaintiff additionally seeks post-judgment interest on that amount at a rate of 10 percent per annum. The Court will decline to grant that request because the Arbitration Award made no provisions for post-judgment interest and Plaintiff has offered no reason why it should accrue at that rate. Post-judgment interest will instead accrue at the statutory rate prescribed by 28 U.S.C. § 1961(a). *See Choice Hotels Int'l v. Yoon*, No. TDC-18-2043, 2019 WL 979153, at *2 (D. Md. Feb. 27, 2019) (holding that the plaintiff's arbitration award would be

enforced and that the plaintiff was "entitled by statute to such post-judgment interest as calculated under federal law, so the Court need not specifically award it" (citing 28 U.S.C. § 1961(a)).[4]

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Entry of Default Judgment Pursuant to Rule 55(a), ECF No. 13, will be granted in part and denied in part. The Court will enter judgment in Plaintiff's favor of $659,151.66. Interest shall accrue at the statutory rate. A separate Order shall issue.

Date: <u>February 10, 2020</u>

GEORGE J. HAZEL
United States District Judge

---

[4] Plaintiff's filings do not request post-award interest after August 23, 2019, and accordingly the Court does not consider it.

8